## THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:10CR429 (TSE) |
| | ) | |
| COURTNEY TIKO TREMAINE BYRD, | ) | Hearing Date: January 7, 2011 |
| | ) | |
| Defendant. | ) | |

### MOTION TO DISMISS COUNT ONE OF THE INDICTMENT
### FOR VIOLATION OF THE SPEEDY TRIAL ACT

COMES NOW the Defendant Courtney Tiko Tremaine Byrd, by his counsel, pursuant to Federal Rule of Criminal Procedure 48(b)(1), and moves this Honorable Court to dismiss Count One of the Indictment in this case because the government failed to timely indict the Defendant in violation of the Speedy Trial Act. That statute provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). More than sixty days elapsed between Mr. Byrd's arrest for conspiracy to distribute marijuana and the indictment charging him with that offense. Given the government's lack of diligence and the unnecessary delay in presenting the charge to the grand jury, Count One of the Indictment should be dismissed with prejudice.

### BACKGROUND

Mr. Byrd was arrested on June 3, 2010, in Santa Barbara County, California, his place of residence, in connection with an investigation conducted by Santa Barbara County law enforcement. He was charged with cultivation and distribution of marijuana in Santa Barbara County and detained pending trial.

On September 1, 2010, while awaiting trial in Santa Barbara County, Mr. Byrd was arrested based on a criminal complaint from the Eastern District of Virginia charging him with conspiracy to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a) and 846.  The arresting affidavit alleged that Mr. Byrd was growing marijuana in California and shipping it to various customers in Virginia.  Mr. Byrd made his initial appearance in the United States District Court for the Central District of California on September 1, 2010, and was detained pending a removal hearing on September 3, 2010.  At the September 3, 2010 hearing, the presiding Magistrate Judge denied Mr. Byrd's bond request and ordered that he be removed to the Eastern District of Virginia.  The final order of commitment and removal, however, was not issued until September 8, 2010.

Mr. Byrd did not arrive in the Eastern District of Virginia until November 2, 2010, almost sixty days later.  He made his initial appearance on that date before Magistrate Judge T. Rawles Jones, Jr. who set a preliminary hearing for November 4, 2010.  Upon Mr. Byrd's motion, the preliminary hearing was continued until November 10, 2010.  On November 10, 2010, the grand jury returned an indictment charging Mr. Byrd with one count of conspiracy to distribute marijuana, and two substantive counts of distribution of marijuana in violation of 21 U.S.C. §§ 841(a), 846.  In total, sixty-six days elapsed between the date of Mr. Byrd's federal arrest and the date of the Indictment against him.

## ARGUMENT

**I.     Mr. Byrd Was Not Indicted Within Thirty Days of His Arrest In Violation of The Speedy Trial Act**

This case presents straightforward and mandatory grounds for dismissal. The Speedy Trial Act, 18 U.S.C. § 3161(b), allows the government thirty days from the date of arrest to indict. The Act then excludes certain periods of delay from the calculation of time by which an indictment must be filed. *See* 18 U.S.C. § 3161(h). In this case, only two exclusions are relevant: (1) § 3161(h)(1)(E) excludes "delay resulting from any proceeding relating to...the removal of any defendant from another district under the Federal Rules of Criminal Procedure"; and (2) § 3161(h)(1)(F) excludes "delay resulting from transportation of any defendant from another district ... except that any time consumed *in excess of ten days* from the date an order of removal or an order directing such transportation and the defendant's arrival at the destination *shall be presumed to be unreasonable*." (emphasis added).

When applied in this case, these two exclusions result in, at most, eighteen days of excludable time. Under the most conservative calculation, Mr. Byrd's removal proceedings lasted eight days: from September 1, 2010, the date of his arrest and initial appearance in the Central District of California, to September 8, 2010, the date that the order of removal was eventually signed, which was five days after the actual removal hearing took place. Thus, at most, these eight days are excluded from the 30 day computation pursuant to § 3161(h)(1)(E).

With respect to Mr. Byrd's transportation to the Eastern District of Virginia, Mr. Byrd arrived in this district on November 2, 2010, 57 days after the order of removal was issued by the Magistrate Judge in California. Pursuant to § 3161(h)(1)(F), only ten of these days are presumed

reasonable and properly excluded.  Courts have made clear that general logistical difficulty in moving a defendant from one district to another does not rebut § 3161(h)(1)(F)'s ten-day presumption.  *See United States v. Turner*, 602 F.3d 778, 783 (6th Cir. 2010) (holding that the government's vague reliance on the "difficulty suffered by the facility and by the United States Marshal Service in effectuating a timely ... transportation'" does not rebut the presumption of unreasonableness under § 3161(h)(1)(F)).  Indeed, one court has held that § 3161(h)(1)(F)'s ten day allowance for transportation should not be automatically applied in cases where a defendant is arrested outside the charging district unless the government can demonstrate that the defendant's presence in the district was necessary in order to indict.  *See United States v. Williams*, 2009 WL 1119419, *2 (E.D. Wis. Mar. 12, 2009) (refusing to exclude any delay attributable to transportation of the defendant to the charging district where the government failed to prove that the defendant's "out-of-district status prevented it from timely obtaining an indictment").

As Mr. Byrd was not subpoenaed to testify before the grand jury, nothing in this case suggests that Mr. Byrd's presence in this District was necessary for the government to present the conspiracy charge to the grand jury.  Nevertheless, even with eighteen days of excludable delay, the government had until October 19, 2010 (48 days after his September 1, 2010 arrest) to obtain an indictment against Mr. Byrd.  It did not do so.  Mr. Byrd was not indicted until November 10, 2010.  Excluding the six days attributable to Mr. Byrd's request to continue the preliminary hearing (from November 4, 2010 to November 10, 2010), the Indictment was returned 16 days too late.  Accordingly, Count One of the Indictment charging Mr. Byrd with conspiracy to

distribute 100 kilograms or more of marijuana, the charge in the original complaint, is untimely

under the Speedy Trial Act and must be dismissed.  *See* 18 U.S.C. § 3162(a)(1).

## II.     Count One of the Indictment Should Be Dismissed With Prejudice

Given the clear Speedy Trial violation in this case, this Court has no discretion but to

dismiss the untimely charge pursuant to 18 U.S.C. § 3162(a)(1).  That section provides: "If ... no

indictment or information is filed within the time limit required by section 3161(b) as extended

by section 3161(h) of this chapter, such charge shall be dismissed or otherwise dropped."  18

U.S.C. § 3162(a)(1); *United States v. Reames*, 40 Fed. App'x 861, 861 (4th Cir. 2002) (per

curiam) ("If there is preindictment delay, the charges against the defendant must be dismissed.").

The only question for this Court is whether to dismiss the charge with or without

prejudice.  Whether to dismiss with or without prejudice for a Speedy Trial Act violation is a

decision left to the district court's sound discretion.  *See United States v. Taylor*, 487 U.S. 326,

334-35 (1988).  Congress has provided the following guidance:

> In determining whether to dismiss the case with or without prejudice, the court
> shall consider, among others, each of the following factors: the seriousness of the
> offense; the facts and circumstances of the case which led to the dismissal; and the
> impact of a reprosecution on the administration of this chapter and on the
> administration of justice.

18 U.S.C. § 3162(a)(1).  An examination of these three factors shows that dismissal with

prejudice is justified in this case.

First, while there is no doubt that conspiracy to distribute marijuana is a serious offense,

marijuana is generally recognized under federal drug laws as less serious than other controlled

substances such as cocaine and heroin.  Moreover, this is not a case in which dismissal of the

untimely charge precludes prosecution altogether.  The Indictment charges Mr. Byrd with two

substantive counts of distribution that are not subject to dismissal based upon the government's

violation of the Speedy Trial Act.

Second, the facts and circumstances leading to the dismissal of Count One weigh

squarely in Mr. Byrd's favor.  Well aware of the fact that Mr. Byrd was living in California

where he is alleged to have been growing marijuana, the government chose to prosecute him in

the Eastern District of Virginia.  It arranged for his arrest in California and requested his

detention pending removal, thus necessitating Mr. Byrd's cross-country transportation.  The

government made this charging decision after Mr. Byrd had been charged and detained in Santa

Barbara County for almost three months based on the same alleged conduct.  Taking into account

the arguably generous eighteen days of excludable time in this case, the government had over a

month and a half to obtain an indictment against Mr. Byrd on the charge of conspiracy to

distribute marijuana.  It failed to do so, apparently forgetting about him until he finally arrived in

this district.  Mr. Byrd meanwhile was without counsel for nearly two months, from the date of

his removal hearing in California on September 3, 2010, to his arrival in Alexandria on

November 2, 2010.  While Mr. Byrd, uncounseled, was in no position to invoke his speedy trial

rights during this time period, absolutely nothing prevented the government from seeking an

indictment against Mr. Byrd before he arrived in this district.

The government must bear some consequence for its lack of diligence.  *See United States

v. Giambrone*, 920 F.2d 176, 180 (2d Cir. 1990) ("With respect to the circumstances leading to

the dismissal and the impact of a reprosecution on the administration of the Speedy Trial Act and

on the administration of justice, the court may properly take into account a demonstrably

lackadaisical attitude on the part of the government attorney in charge of the case or a pattern of

dilatory practices on the part of the United States Attorney's office in the district in question");

*Taylor*, 487 U.S. at 338 ("We do not dispute that a truly neglectful attitude on the part of the

Government reasonably could be factored against it in a court's consideration" of whether to

dismiss with or without prejudice).

Third, reprosecution in this case after such delay would undermine the very rights

guaranteed by the Speedy Trial Act, for criminal defendants and the public in general.

*Giambrone*, 920 F.2d at 181 ("Such delays . . . harm both the interest of the defendant and the

interest of the public, for if the defendant is innocent, he has an interest in early vindication; and

if he is guilty, the public has an interest in expeditious punishment for a variety of reasons,

including the fact that the closer in time the punishment is to the crime, the greater its

rehabilitative effect.").  *See United States v. Harden*, 10 F.Supp.2d 556, 561-62 (D.S.C. 1997)

(dismissing with prejudice in a drug and gun case and finding that "[m]ost of the defendants have

been detained without bail, pursuant to the Government's insistence, since their arrest.  That

factor weighs against granting the Government the right to prosecute them now.  The

Government had its opportunity to proceed against them but it was required to observe the time

schedules mandated by the Speedy Trial Act.").

If the government is continually permitted "do-overs," the Speedy Trial Act's time limits

would become meaningless.  *Giambrone*, 920 F.2d at 180 ("A pattern of disregard for the

responsibility to bring criminal cases to trial expeditiously has the potential for nullifying the

requirements of the Act, for if the government suffers only dismissals without prejudice on

motion of the defendant, it in effect gains successive 70-day periods in which to bring the

defendant to trial.").  Congress cannot have intended such a result, nor does such a result serve the best interests of justice.

Moreover, this is not a case where dismissal with prejudice will result in Mr. Byrd's release without punishment.  He still faces charges in this district and could be prosecuted in state court as well, either in California or Virginia.  *See Harden*, 10 F.Supp.2d at 561 (dismissing for 21 day STA violation in drug and gun case because of the availability of another forum in which defendants can be punished for the conduct and because "allowing prosecution of this case in federal court would now frustrate the very purpose of the Speedy Trial Act and the administration of justice").

## CONCLUSION

It is beyond dispute that Count One of the Indictment must be dismissed for violating the Speedy Trial Act.  Given the length of time that the government had to indict Mr. Byrd but failed to do so, as well as the need to vindicate the purpose of the Speedy Trial Act, Count One should be dismissed with prejudice.

Respectfully submitted,

Courtney Tiko Tremaine Byrd

By Counsel

_____/s/_____
Geremy C. Kamens
Va. Bar Number 41596
Shannon S. Quill
Va. Bar Number 76355
Attorneys for Mr. Byrd
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

(703) 600-0870 (telephone)
(703) 600-0880 (fax)
Geremy_Kamens@fd.org (e-mail)

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Lynn Haaland, Esq.
Assistant U.S. Attorney
2100 Jamieson Ave.
Alexandria, Virginia, 22314

<div style="margin-left:50%;">

_____/s/_____
Geremy C. Kamens, Esquire
Assistant Federal Public Defender
Virginia Bar No. 41596
Counsel for Courtney Byrd
1650 King St., Suite 500
Alexandria, Virginia 22314
Ph. (703) 600-0848
Fax (703) 600-0880
Geremy_Kamens@fd.org

</div>

10